**SO ORDERED.**

**SIGNED this 10 day of June, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

DAVID REID DOYLE, SR. and            CASE N0. 02-03827-8-JRL
MARGARET MARY DOYLE,

                Chapter 7

  Debtors.
_____

**ORDER**

This case is before the court on motions to stay state court proceedings, confirm discharge of claim, and contempt for violation of the discharge injunction. On May 18, 2011, the court held a hearing in Wilmington, North Carolina.

David and Margaret Doyle ("the debtors") filed for relief under chapter 7 of the Bankruptcy Code on May 6, 2002. The debtors received a discharge on August 23, 2002. On August 18, 2010, the female debtor's ex-husband, Kenneth Harkness ("Harkness"), filed suit against the female debtor in New Hanover County District Court for breach of contract, anticipatory breach of contract, specific performance, and attorney's fees. This court reopened the chapter 7 case on November 17, 2010. On December 6, 2010, the debtors filed a motion to stay state court proceedings, a motion to confirm the discharge of the prepetition claim, and a motion for contempt.

**BACKGROUND**

The female debtor married Harkness on October 28, 1984. The two later divorced and entered into a separation agreement and property settlement. Sometime thereafter, the female debtor married the male debtor.

In the separation and property settlement agreement between the female debtor and Harkness, both parties waived all claims against one another for support, maintenance, and alimony. The female debtor received all interest and obligations associated with Watkins Restaurant Equipment Company and, thereafter, agreed to indemnify and hold harmless Harkness from all actions related to the company. One liability of the company was a debt owed to Richard F. and Ruth Ann Penberthy ("Penberthys"). The Penberthys sued on the debt and received a joint judgment against the female debtor and Harkness on March 8, 2000. On May 6, 2002, the debtors filed jointly for chapter 7.

The female debtor listed Harkness as a creditor, specifically for the purpose of notice, on Schedule F of her petition. The schedule correctly listed the value of Harkness' claim as zero, as he had made no payments on the judgment for which he would have been entitled to be indemnified. Additionally, Harkness was listed as a co-debtor on Schedule H with reference to the Penberthys as creditor. Harkness was included in the creditor mailing matrix and attended the § 341 meeting of creditors. Harkness did not enter an appearance in the bankruptcy case or file an adversary proceeding to determine the dischargeability of the debts. On August 21, 2002, the debtors received a discharge under 11 U.S.C. § 727.

On August 8, 2010, Harkness filed suit in New Hanover County District Court, asserting that the female debtor had breached their separation and property settlement agreement and sought to

recover money damages, specific performance, and attorney's fees. The claims concerned the agreement and failure to indemnify Harkness against the Penberthys' judgment. Through counsel, the female debtor contacted Harkness, notifying him that the obligations created in the agreement were discharged in the chapter 7 proceeding. Counsel advised Harkness to dismiss the complaint, as it constituted a violation of the discharge injunction. Receiving no such dismissal of the complaint, the female debtor reopened the chapter 7 case on November 17, 2010. On December 6, 2010, the female debtor filed motions to stay the state court proceedings, confirm the discharge of the prepetition claim, and find Harkness in contempt for violation of the discharge injunction.

## DISCUSSION

The Eastern District of North Carolina dealt with the issue of discharge of marital obligations in Perlow v. Perlow, 128 B.R. 412 (E.D.N.C. 1991). In Perlow, the failure of a spouse listed as a creditor to object to the debtor's discharge or file an adversary proceeding to determine the dischargeability of her unliquidated equitable distribution claim in a timely manner resulted in the discharge of the unsecured claim. Id. at 416. Since the debtor's discharge here was prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Harkness would have had to file an adversary proceeding to have his claim declared nondischargeable under the former § 523(a)(15), which required a balancing of hardships to determine the dischargeability of a debt to a former spouse incurred by the debtor in the course of a separation that was not alimony or support.

Harkness relies on a line of cases dealing with unadjudicated equitable distribution claims that may require more specific notice in order to cut off all marital property rights. Hoffman v. Hoffman, 157 B.R. 580 (E.D.N.C. 1992); In re Abma, 215 B.R. 148 (Bankr. N.D. Ill. 1997). Here,

3

Harkness does not have an unadjudicated equitable distribution claim; rather, his claim is based on an agreement that is no more than a contractual obligation of indemnification into which any creditor could have entered. Furthermore, Harkness was fully aware of the nature of his claim.

Through the mailing matrix, Harkness received notice of being a creditor at least twice in the female debtor's chapter 7 case. Not only did he receive notice, he had actual knowledge of the case, as evidenced by his attendance at the § 341 meeting of creditors. However, Harkness failed to object to the female debtor's discharge and did not file an adversary proceeding. Therefore, Harkness's claim was discharged on August 21, 2002, and he is enjoined from pursuing it. Harkness's filing and continuation of the state court proceeding against the female debtor for the discharged debt is a clear violation of the discharge injunction. Therefore, Harkness is ordered to reimburse the female debtor for attorney's fees and expenses related to the state lawsuit and the reopening of this case. If the parties cannot agree on a reasonable amount, counsel for the female debtor may file an affidavit documenting the expenses, and the court will set the amount. Because the state court action so fundamentally violates the discharge injunction, Harkness is directed to take a dismissal within ten days of this order.

Based on the foregoing, the debtors' motion to stay court proceedings is **ALLOWED**. The debtors' motion to confirm discharge of claim is **ALLOWED**. The debtors' motion for contempt is **ALLOWED**.

**END OF DOCUMENT**